IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-00054-F-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNELL COPPEDGE, | ) | |
| Defendant. | ) | |

This matter is before the court on Donnell Coppedge's Motion for Records [DE-250]. In his motion, Coppedge requests a free copy of the following: (1) his original § 2255 motion; (2) the court's jury instructions; and (3) grand jury transcripts.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

Coppedge's request for a copy of grand jury transcripts is DENIED, based on the well-established policy of maintaining the secrecy of grand jury proceedings. *See United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979). As for Coppedge's request for his § 2255 motion and the court's jury instructions, Coppedge has failed to state a particularized need. Therefore, these requests are DENIED. In light of the foregoing, Coppedge's Motion for Records [DE-250] is DENIED.

SO ORDERED.

This, the  16  day of July, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2

Case 4:09-cr-00054-F   Document 251   Filed 07/16/14   Page 2 of 2