IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-54-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DONNELL COPPEDGE | ) | |

This cause comes before the Court on defendant's *pro se* motion for a reduced sentence under Section 404 of the First Step Act. [DE 280]. The government has responded in opposition and the motion for reduction is ripe for disposition. For the reasons that follow, defendant's motion for a reduced sentence is denied.

## BACKGROUND

Defendant was found guilty by a jury on February 18, 2010, of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced on October 5, 2011, to 198 months' imprisonment and five years of supervised release. [DE 185]. Defendant's sentence was later reduced to 165 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based upon a guideline sentencing range that has been lowered and made retroactive by the United States Sentencing Commission. [DE 270].

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. Previously, a defendant found responsible for at least 50 grams of crack faced a mandatory minimum of 10 years' imprisonment; the Fair Sentencing Act raised the threshold to 280 grams. The Fair Sentencing Act, however, was not made retroactive, so it was inapplicable to individuals who had already been sentenced and

who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

In March 2019, relying on the First Step Act and the newly retroactive crack thresholds, defendant moved for a reduced sentence. This matter, having previously been assigned to Senior United States District Judge James C. Fox, was then reassigned to the undersigned. [DE 281]. In April 2019, the government responded in opposition to defendant's motion for a reduced sentence. [DE 283]. In June 2019, the Office of the Federal Public Defender (FPD) appeared on behalf of defendant, determined that it did not intend to present any motions on defendant's behalf, and was granted permission to withdraw. [DE 285-287].

## DISCUSSION

The First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a). But the First Step Act also provides that courts shall not reduce a sentence if it "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce a sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c). The First Step Act also makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

In other words, if a defendant committed a crack offense prior to August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act, and that defendant did not already receive the benefit of the Fair Sentencing Act or have a prior motion under § 404 of the First Step Act denied on the merits, the defendant is facially eligible for a reduced sentence. Even if a defendant is facially eligible, courts retain the discretion to decline to impose a reduced sentence.

Defendant is facially ineligible for relief under Section 404 of the First Step Act. Although defendant was indicted prior to the effective date of the Fair Sentencing Act, he was sentenced after the Fair Sentencing Act became effective, and review of his sentencing transcript reveals that the Court, with the agreement of the government, applied the Fair Sentencing Act's new, more lenient mandatory minimum and maximum sentencing range to defendant. [DE 196 at 68]. Thus, defendant's sentence was previously imposed in accordance with the amendments made by section 2 of the Fair Sentencing Act of 2010.

## CONCLUSION

For the above reasons, defendant's motion for a reduction in sentence [DE 280] is denied.

SO ORDERED, this __5__ day of November, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE